

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2020 - 6660     DIVISION "



SECTION 16

M.P. DOE

VERSUS

**CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS, ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, DE LA SALLE OF NEW ORLEANS, INC, BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC., THE ESTATE OF BROTHER RICHARD LANGENSTEIN, and BROTHER ROBERT GANDARA**

FILED: _____    _____
                                                                                                       DEPUTY

## PETITION FOR DAMAGES

**NOW into court,** through undersigned counsel comes petitioner M.P. Doe who is the age of majority and domicile in Orleans Parish, who respectfully represents the following:

### 1.

The defendants made herein are

a. **CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS ("ARCHDIOCESE OF NEW ORLEANS"),** a non-profit corporation doing business in the State of Louisiana with its principal place of business in Louisiana;

b. **ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC. ("ARCHDIOCESE INDEMNITY"),** a foreign corporation and captive insurance company with its principal place of business established in the State of Vermont and doing business in the Parish of Orleans and the State of Louisiana, and subject to the jurisdiction of this Honorable Court;

c. **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA ("CATHOLIC MUTUAL"),** a foreign non-profit insurance corporation with its principal business establishment in the State of Nebraska, and doing business in the Parish of Orleans and the State of Louisiana, and subject to the jurisdiction of this Honorable Court;

d. **DE LA SALLE OF NEW ORLEANS, INC. ("DE LA SALLE"), a non-profit** corporation doing business in the State of Louisiana with its principal place of business in Louisiana;

e. **BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.,** a non-profit corporation doing business in the State of Louisiana with its principal place of business in Louisiana;

*M.P. Doe versus Catholic Charities Archdiocese of New Orleans; et al,* Petition for Damages    1

Exhibit A

f. **THE ESTATE OF BROTHER RICHARD LANGENSTEIN ("BROTHER LANGENSTEIN")**, the former principal of **DE LA SALLE** and **THE CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS** serving in his official capacity as an employee of **DE LA SALLE**; and

g. **BROTHER ROBERT GANDARA ("BROTHER GANDARA")**, a former teacher at **DE LA SALLE** and employee of **BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.** serving in his official capacity as an employee of **BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.**

**2.**

Pursuant to LSA-R.S. 46:1844(w), and because plaintiff is a victim of sexual assault, the identity of the plaintiff is being protected and referred in these pleadings as "**M.P. DOE**" in accordance with the cited statute.

**3.**

Plaintiff, **M.P. DOE**, was a student at **DE LA SALLE OF NEW ORLEANS, INC.** from 1981-1985 located at 5300 St Charles Ave, New Orleans, LA 70115

**4.**

The **ARCHDIOCESE OF NEW ORLEANS** is controlled and supervised by one Archbishop who at the time of this filing is Archbishop Gregory Aymond.

**5.**

The **ARCHDIOCESE OF NEW ORLEANS** is under the authority and control of Archbishop Aymond and includes the Louisiana parishes of Orleans, Jefferson, St. Charles, St. James the Baptist, St. Tammany, St. Bernard, Plaquemines, and Washington.

**6.**

With respect to **M.P. DOE**, at all material times herein, **DE LA SALLE** in New Orleans, Louisiana, was and is under the authority and control of Archbishop Aymond and the **ARCHDIOCESE OF NEW ORLEANS.**

**7.**

Defendants, **CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS, ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, DE LA SALLE OF NEW ORLEANS, INC., BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.,**

**BROTHER LANGENSTEIN, and BROTHER GANDARA** are justly and truly indebted unto your petitioner for the following reasons to-wit:

### 8.

### BROTHER LANGENSTEIN

**BROTHER LANGENSTEIN** served as the principal of **DE LA SALLE**. He carefully and meticulously crafted a trusting relationship with **M.P. DOE's** family. The family were all devout Catholics who sent their son to Catholic private school. First, **BROTHER LANGENSTEIN** gained the trust of **M.P. DOE's** parents and then used that trust to prey on, harass, and molest their son— **M.P. DOE**.

### 9.

**BROTHER LANGENSTEIN** would take **M.P. DOE's** family to dine at expensive restaurants where he would purchase the finest wines and alcohol.

### 10.

After seeing the young plaintiff at school, **BROTHER LANGENSTEIN** began building a rapport with the young student. **BROTHER LANGENSTEIN** began bombarding the young **M.P. DOE** with expensive gifts and meals.

### 11.

The molestation began when **M.P. DOE** was approximately 15 years old. The first instance occurred in the office **of BROTHER LANGENSTEIN** at **DE LA SALLE**. One morning **M.P. DOE** was late for school and needed to obtain a tardy slip. M.P. DOE entered **BROTHER LANGENSTEIN's** office. **BROTHER LANGENSTEIN** then directed **M.P. DOE** to undress himself and "make himself comfortable." **BROTHER LANGENSTEIN** offered **M.P. DOE** candy and tickets to the press box for a sporting event. **BROTHER LANGENSTEIN** then proceeded to sit very close to **M.P. DOE** and placed his hands on **M.P. DOE's** groin area and began fondling **M.P. DOE's** genitals.

### 12.

One day **BROTHER LANGENSTEIN** was invited to a pool party at **M.P. DOE's** family home. **BROTHER LANGENSTEIN**, unexpectedly and without consent, put his hands up **M.P.**

**DOE's** shorts and began fondling his genitals and scrotum. **M.P. DOE** sat in horror and fear while **BROTHER LANGENSTEIN** violated him.

13.

That same day, **BROTHER LANGENSTEIN** fondled **M.P. DOE** again while seated around **M.P. DOE's** parent's glass table. **M.P. DOE's** mother caught **BROTHER LANGENSTEIN** in the act of violating her teenage son. She became enraged and ordered **BROTHER LANGENSTEIN** to leave her house immediately.

14.

Over the next two years the young plaintiff was molested on several occasions. **BROTHER LANGENSTEIN** showered the young student with gifts, expensive dinners, and press box seats at sporting events to buy his silence. On one occasion, **BROTHER LANGENSTEIN** invited **M.P. DOE's** family and another young student to dinner at Commander's Palace.

15.

### BROTHER ROBERT GANDARA

When plaintiff travelled abroad on a school sponsored trip with five other (5) students **BROTHER GANDARA** began to molest, assault, and harass the plaintiff.

16.

Over the course of approximately two years, **BROTHER LANGENSTEIN** and **BROTHER GANDARA** began a constant barrage of inappropriate touching, which led to genital fondling and eventually molestation, the acts taking place many times both on and off campus, but almost always during **BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.** and/or **DE LA SALLE** sponsored events.

17.

During the school sponsored event to Europe, **BROTHER GANDARA** deliberately orchestrated the sleeping arrangements such that each boy would sleep alone in the same bed with **BROTHER GANDARA** when it was "their turn." According to **BROTHER GANDARA's** instructions, each boy would rotate who slept with **BROTHER GANDARA** each night.

**18.**

**M.P. DOE** took a shower the first night that he slept alone in the same bed with **BROTHER GANDARA**. Unannounced and uninvited, **BROTHER GANDARA** threw open the shower curtains and warned **M.P. DOE**—"don't be shy." **BROTHER GANDARA** appeared to receive sexual gratification while he forced the young boy to shower his naked body in front of him.

**19.**

On another occasion, it was **M.P. DOE's** turn to sleep with **BROTHER GANDARA**. **BROTHER GANDARA** got into bed when he thought the young boy was sleeping and molested him. **BROTHER GANDARA** fondled the boy and attempted to perform oral sex on **M.P. DOE**. The plaintiff was scared and confused and tried to pretend like he was sleeping.

**20.**

One day during the trip, **M.P. DOE** went back to the room because he was experiencing stomach pains. **BROTHER GANDARA** accompanied the young boy back to the room. **BROTHER GANDARA** proceeded to unbuckle the boy's pants and rub **M.P. DOE's** exposed chest and stomach. **BROTHER GANDARA** then proceeded to massage **M.P. DOE's** lower abdomen near his genitals. Once again, **BROTHER GANDARA** molested the boy.

**21.**

The sole and proximate cause of said incidents and tortuous acts/behaviors was the negligence and/or intentional harmful acts of the defendants, **ARCHDIOCESE OF NEW ORLEANS, DE LA SALLE, BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC., BROTHER LANGENSTEIN,** and **BROTHER GANDARA**, in the following particulars, but not specifically limited thereto, in that they:

A. **ARCHDIOCESES OF NEW ORLEANS, DE LA SALLE, and BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC.**

   1. Failure to properly supervise the employees and/or clergy staff at **DE LA SALLE** at the time the aforementioned atrocities were being committed;

   2. Failure to provide a safe haven for young boys at **DE LA SALLE**, more particular, plaintiff, **M.P. DOE**;

   3. Failure to protect the young boys at **DE LA SALLE**, more particular, plaintiff, **M.P. DOE**;

4. Failure to properly supervise their clergy, brothers, deacons, staff, employees to the extent that the boys were allowed to be sexually and/or mentally abused, particularly, **M.P. DOE**;

5. Failure to do what they should have done;

6. Failure to warn Plaintiff and his family of the risk of sexual abuse by **BROTHER LANGENSTEIN** and **BROTHER GANDARA**;

7. Failure to apply commonsense, and negligently exposing minors to unreasonably dangerous situations, including sexual abuse of a minor at the hands of one of their agents and/or their employees;

8. Failure to have adequate security measures to prevent the abuse of minors by their agents and/or employees and/or on their premises;

9. Failure to discharge and relieve **BROTHER LANGENSTEIN** and **BROTHER GANDARA** of their respective positions and authority when they knew or should have known of their sexual abuse of minors and their proclivity to act in such a deviant manner;

10. Failure to take any and all actions and/or act in ways that could have prevented and avoided the sexual abuse in question, which amounts to gross negligence;

11. As the employer of the defendants and/or perpetrators of the sexual, physical and/or mental abuses suffered and endured by **M.P. DOE** at **DE LA SALLE** while the aforementioned defendants were in the course and scope of their employment with **DE LA SALLE**, thus, under the legal theory of respondent superior are therefore legally responsible for the acts or actions of their personal association with **DE LA SALLE**; and

12. Is liable under La. Civil Code Articles 2315, 2317, and 2320.

### B. BROTHER RICHARD LANGENSTEIN

1. Sexually, mentally, and/or physically abused/tortured plaintiff at **DE LA SALLE** and at the plaintiff's home in New Orleans;

2. Committed unnatural sexual acts including sodomy against plaintiff on numerous occasions;

3. Did what he was not supposed to do;

4. Sexually molested the plaintiff at **DE LA SALLE** and in New Orleans; and

5. Wrongfully touched, grabbed, stroked, rubbed, fondled, kissed, sucked, and/or masturbated the genitals (penis and testicles) of the plaintiff, **M.P. DOE**.

### C. BROTHER ROBERT GANDARA

1. Sexually, mentally, and/or physically abused/tortured plaintiff during a school sponsored trip to Europe;

2. Committed unnatural sexual acts against plaintiff on numerous occasions;

3. Did what he was not supposed to do;

4. Sexually molested the plaintiff while on a school sponsored trip; and

5. Wrongfully touched, grabbed, stroked, rubbed, fondled, kissed, sucked, and/or masturbated the genitals (penis and testicles) of the plaintiff, **M.P. DOE**.

### 22.

The Ad Hoc Committee on Sexual Abuse of the USCCB published the Charter for the Protection of Children and Young People which included specific mandates for the protection of children.

### 23.

The protections in the Charter mandate that the Bishops and the Catholic Church in the United States strictly obey the Charter by reconciling the trauma and abuse suffered by the children of the Catholic Church.

### 24.

Defendants had superior knowledge about the risk that **BROTHER LANGENSTEIN** and **BROTHER GANDARA** posed to **M.P. DOE**, as a minor child, such knowledge establishes a heightened duty of care and protection to M.P. DOE. Defendants, their administrators, agents and employees, violated that duty.

### 25.

Additionally, and concurrently, the acts and omissions of the Defendants expressed herein represent negligent infliction of emotional distress resulting in damages expressed below.

### 26.

Additionally, and concurrently, the acts and omissions of the Defendants expressed herein represent an invasion of the privacy of **M.P. DOE**, resulting in damages expressed below.

### 27.

The **ARCHDIOCESES OF NEW ORLEANS** and **DE LA SALLE** through its principals, has a history and pattern of concealing acts of sexual abuse by its employees and agents including its clergy.

**28.**

The **ARCHDIOCESES OF NEW ORLEANS** and **DE LA SALLE** through its principal, has a history of and pattern of allowing sexual predators to remain in their positions within the church employment capacity through nondisclosure of the sexual abuse, or through re-assignment of the employees and clergy.

**29.**

The facts and occurrences of sexual abuse by **BROTHER LANGENSTEIN** and **BROTHER GANDARA** were known to the defendants, yet were not reported to the authorities, insurers, or the Holy See.

**30.**

At all material times herein, Defendants, through their adult agents, servants, employees, members, and associates, listed and known to the Defendants were under a duty to disclose and/or report the acts of sexual abuse to the family of **M.P. DOE**, who was a minor, and law enforcement to protect **M.P. DOE** from the injuries and damages he sustained as a result of the sexual abuse by **BROTHER LANGENSTEIN** and **BROTHER GANDARA** and the breach of that duty is a violation of Louisiana's general concept of liability and fault set forth in Civil Code Article 2315.

**31.**

The actions of Defendants in withholding their knowledge of the sexual abuse by **BROTHER LANGENSTEIN** and **BROTHER GANDARA**, the failure of Defendants to reach out to victims of **BROTHER LANGENSTEIN** and **BROTHER GANDARA**, and the suppression of evidence of sexual abuse upon **M.P. DOE** is considered a fraudulent concealment and/or continuing tort or continuing wrong resulting in damages to the plaintiff.

**32.**

At all material times described herein, Defendants had a legal and civic duty to disclose the sexual abuse by, and the proclivities of, **BROTHER LANGENSTEIN** and **BROTHER GANDARA**.

**33.**

All of the aforementioned atrocities abuse and/or wrongful acts are in violation of the ordinances of the Parish of Orleans, the law of the State of Louisiana, which are pleaded herein as if copied here in extenso.

34.

As a result of the above stated atrocities, abuse, and/or wrongful acts which occurred over the course of the time from 1981 until 1985, plaintiff **M.P. DOE**, has suffered the following injuries: past, present, and future pain and suffering, emotional distress, mental anguish, grave psychiatric injuries, humiliation, severe trauma, permanent psychological scaring, loss of enjoyment of life, diminished quality of life, permanent depression and anxiety, inability to engage and sustain relationships with women and other injuries, the extent of which will be fully revealed at time of trial.

**35.**

After a lifetime of depression and anger and dysfunction, plaintiff began undergoing psychological treatment.

**36.**

Plaintiff, **M.P. DOE**, is working in therapy to come to terms with being sexually molested, physically and mentally abused while a student at **DE LA SALLE**. Sexually abused children deal with the trauma of sexually molestation, physically abused and/or mental abuse as an intra psychic event and suppress it as a result of fear, self-blame and denial. *See Kimberly v. Batch*, 93-236 (La. 4-11-94), 635 So. 2d 206. Having suffered these consequences of childhood sexual abuse, physical and mental abuse, plaintiff **M.P. DOE,** repressed all memory of the pain and humiliation he suffered and endured as a child at **DE LA SALLE**. **M.P. DOE** is seeing a therapist for counseling for anger issues, relationship issues and general psychological dysfunction. As a result of his recollection of the abuse he suffered as a child at **DE LA SALLE**. **M.P. DOE**, has become depressed, humiliated and suffered additional emotional distress.

**37.**

The La. 4th Circuit Court of Appeals in *Doe v. Archdiocese*, 2001-0739 (La. 4th Cir. 2002), 823 Sp. 2d 360, stated that repressed memory may operate to suspend the 10 year prescriptive

period applicable to child sexual abuse cases under the doctrine of contra non valentum, and that the issue of prescription must be decided after a full trial on the merits. In Kimberly v. Batch, (La. 1994), supra, the La. Supreme Court has allowed special solicitude for child sexual abuse victims; and this, given the doctrine full latitude in cases such as the case mentioned herein.

38.

Furthermore, in accordance with Louisiana Civil Code Articles 2015, 2017, and 2320, because **BROTHER LANGENSTEIN's** and **BROTHER GANDARA's** actions occurred under the guise of the exercise their duties with the church, **BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC., DE LA SALLE** and the **ARCHDIOCESE OF NEW ORLEANS** is liable to the plaintiff as the employer of the defendants.

39.

Plaintiff's damages are as follows:

As a result of the above described molestation, petitioner has sustained serious, painful and disabling injuries and seeks damages for past and future medical expenses, past and future pain and suffering, and past and future mental and emotional suffering. Plaintiff seeks damages which are reasonable in the premises.

40.

In 2011, the **ARCHDIOCESE OF NEW ORLEANS** incorporated a non-profit captive insurance company in the State of Vermont named "The Archdiocese of New Orleans Indemnity, Inc." which was capitalized with a $2,000,000.00 investment from the **ARCHDIOCESE OF NEW ORLEANS.**

41.

The captive provides a self-insurance program for general liability, property, auto liability, and personal misconduct. The captive is self-insured for $300,000.00 per occurrence up to annual aggregate limit of $3.5 million.

42.

This action is brought against the **ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.,** pursuant to Louisiana Rev. Stat. §22:1269, otherwise known as the Louisiana Direct Action Statute, which was enacted for the benefit of all injured persons and their

survivors or heirs to whom the insured is liable, and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability may have as or for a tortfeasor.

**43.**

The **ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.** provided a policy or policies of insurance, or general insurance coverage unto the **ARCHDIOCESE OF NEW ORLEANS,** and its agents, employees, and servants for injury, loss, or damage to others.

**44.**

As a result of the coverages provided by the **ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC.** is equally liable for the injuries, losses, and damages asserted by **M.P. DOE.**

**45.**

Additionally, the **ARCHDIOCESE OF NEW ORLEANS** has an insurance policy through the **CATHOLIC MUTUAL RELEIF SOCIETY OF AMERICA.**

**46.**

The policies provided to the defendants through the **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA** include coverages over claims asserted herein, including but not limited to a general liability, excess liability, and personal misconduct.

**47.**

As a result of the coverages provided by the **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,** the **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA** is equally liable for the injuries, losses, and damages asserted by **M.P. DOE.**

**48.**

This action is brought against the **CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA,** pursuant to Louisiana Rev. Stat. §22:1269, otherwise known as the Louisiana Direct Action Statute, which was enacted for the benefit of all injured persons and their survivors or heirs to whom the insured is liable, and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability may have as or for a tortfeasor.



WHEREFORE petitioner, **M.P. DOE**, prays that the defendants be duly cited and served with a copy of the petition for damages and that after due proceedings are had that there be judgment herein in their favor and against the defendants, **CATHOLIC CHARITIES ARCHDIOCESE OF NEW ORLEANS, ARCHDIOCESE OF NEW ORLEANS INDEMNITY, INC., CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA, DE LA SALLE OF NEW ORLEANS, INC., BROTHERS OF THE CHRISTIAN SCHOOLS OF NEW ORLEANS LA., INC., BROTHER LANGENSTEIN,** and **BROTHER ROBERT GANDARA.**

Respectfully submitted:

*LAW OFFICE OF DESIREE M. CHARBONNET, L.L.C.*

**DESIREE M. CHARBONNET (La. Bar No. 24051)**
Attorney for Petitioner
One Canal Place
365 Canal Street
Suite 1100
New Orleans, Louisiana 70130
Telephone: (504) 399-3374
Facsimile: (504) 561-7850
Email: dcharbonnet@desireelaw.com

and

*LAW OFFICE OF BERNARD L. CHARBONNET, JR., APLC*
**BERNARD L. CHARBONNET, JR. (La. Bar No. 4050)**
**DAVID M. FINK (La. Bar No. 33550)**
One Canal Place
365 Canal Street
Suite 1100
New Orleans, Louisiana 70130
Telephone: (504) 561-0996
Facsimile: (504) 561-7850
Email: dfink@charbonnetlaw.com

**PLEASE SERVE**

**Catholic Charities Archdiocese of New Orleans**
Through its registered agent
Sister Marjorie Hebert, M.S.C.
1000 Howard Avenue
Suite 200
New Orleans, Louisiana 70113

**Archdiocese of New Orleans Indemnity, Inc.**
Through its registered agent
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70802

**Catholic Mutual Relief Society of America**
Through its registered agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

**Brothers of the Christian Schools of New Orleans La., Inc.**
Through its registered agent
Joey Scaffidi
8 Friederichs Avenue
New Orleans, Louisiana 70124

**De La Salle of New Orleans, Inc.**
Through its registered agent
Paul Kelly
5300 Saint Charles Avenue
New Orleans, Louisiana 70115

**Robert Gandara (Hold Service)**